*545
 
 Zimmerman, J.,
 

 concurring. I concur in the first and second paragraphs of the syllabus and in the judgment. In my estimation, the combined errors complained of by Evans in the Court of Appeals were sufficiently grievous.to support the judgment of that court. However, I am unwilling to subscribe to the inflexible rule adopted in this case that counsel has no right in good faith to make reasonable inquiry of prospective jurors as to their connection with, interest in, or relationship to liability insurance companies, except in those cases where such companies are parties to, or actively and directly interested in, the particular litigation. I can conceive of situations where questions along this line might be both reasonable and proper to enable counsel to exercise intelligently the right of challenge and secure a jury free from bias and prejudice.
 

 It is undoubtedly true that in some cases the matter of questioning prospective jurors as to, their relationship to liability insurance companies has been carried to such extremes as to constitute bad faith. Each case should stand on its own feet, and if counsel unreasonably or flagrantly abuses his right to examine prospective jurors as to their qualifications the trial court, or reviewing courts, should take appropriate action to correct any resulting injustice or prejudice.
 

 The weight of authority is decidedly opposed to the stringent rule approved in the majority opinion and carried into the third paragraph of the syllabus. 56 A. L. R., 1454, 74 A. L. R., 860, 16 Ruling Case Law, 276, 35 Corpus Juris, 394.